IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,  :

    Plaintiff,  :

  v.  :  Case No. 2:06-mj-0177

Miguel A. Munoz,  :

    Defendant.  :

### DETENTION ORDER

The above defendant appeared before the Court for a preliminary hearing and detention hearing on April 28, 2006. Following the hearing, the defendant was ordered detained without bond pending further proceedings. The purpose of this order is to set forth in writing the reasons for that decision.

The defendant was charged in a criminal complaint filed in this Court on April 25, 2006 with passing counterfeit money. According to Special Agent Channing Irvin of the Secret Service, the facts that were in the complaint are as follows.

On April 19, 2006, the defendant paid for merchandise at a Babies-R-Us store in Columbus, Ohio, with a counterfeit $100 bill. He made arrangements to return to pick up the merchandise later. He returned on April 25, 2006 at which time he was taken into custody. He had another counterfeit $100 bill on his person at that time.

According to Agent Irvin, the bills were fairly sophisticated and a large number of them had been passed in Central Ohio. The defendant himself had been investigated in connection with the passing of such counterfeit bills in the past. When his apartment was searched, seven more counterfeit $100 bills were located. Additionally, the defendant is not

legally in the United States.

Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, inter alia, a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.  Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee.  At the hearing, it is the task of the presiding judicial officer to determine whether any condition or combination of conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial."  Id.  If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence.  Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987).  Detention may be ordered based upon a finding that

the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror.  See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

In this case, the Court's concern centered around a risk of flight.  Although the defendant has been in the United States for approximately seven years, and in Columbus for the last five years, he is a citizen of Peru and did not enter this country legally.  He has been employed, although his employment was described by his counsel as being an independent contractor providing services for Master Blaster power washing.  He does have a record of minor criminal convictions, including falsification and criminal simulation, and he is currently on community control for driving without a license.  He also has failed to appear twice in the past on state charges.  Although there was some debate about whether a detainer had been placed against him by the Bureau of Immigrations and Customs Enforcement, it does appear that he is subject to deportation proceedings.

Although the defendant has ties to this community, including a pregnant girlfriend, and an employment history, it does not appear that he would be able legally to work were he to be released.  Further, his Peruvian citizenship and the risk of deportation create an unacceptable flight risk.  Under these circumstances, he was detained without bond pending further proceedings.

The defendant was advised of his right to seek review of this Detention Order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge